I respectfully dissent. I agree that the party objecting to opposing counsel's argument has the burden of presenting, for appellate review, the substance of the remarks objected to. The problem arises where the court reporter does not take down the summations of counsel except for objections. This means that the record, as in this case, shows only the objections and subsequent remarks, including the court's ruling, but not the remarks to which the objection is directed.
But this deficiency is cured where the substance of the comments is shown in the objection itself, particularly if counsel who made the comments — the object of the objection — expressly or impliedly accepts the objecting counsel's version of the subject remarks. Here, the two-pronged test set out inFerguson is complied with. Defense counsel specifically objected to the prosecutor's "comment concerning the Fifth Amendment in this case." Not only did the prosecutor at trial verify the fact that he had so commented, but the State, also, takes no exception to the Court of Criminal Appeals' finding that "the district attorney commented on Jones's invoking the Fifth Amendment." It is worthy of note that the only point raised by the State in its application for rehearing in the Court of Criminal Appeals was that, because the trial court erred in granting Defendant's Fifth Amendment privilege, any subsequent error in overruling Defendant's objection to the district attorney's comments was harmless. Thus the factual posture of this case, as reflected in the opinion of the Court of Criminal Appeals, is not in contest.
Furthermore, the substance of the comment regarding "Jones's invoking the Fifth Amendment" is of no consequence. As the federal cases cited in the majority opinion make clear, any
comment upon Defendant's failure to testify, once the privilege is granted, is reversible error.
I would affirm the judgment of the Court of Criminal Appeals.